UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN L. CONLIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-1852 |
| | § | |
| SOLARCRAFT, INC., | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## Memorandum and Order

Pending before this Court is Plaintiff's Motion for Leave to File a First Amended Original Complaint. (Doc. No. 8.)[1] Plaintiff, Kevin L. Conlin, seeks to amend his original complaint to add state law claims for breach of fiduciary duty, breach of employment agreement, indemnity, and declaratory judgment on a covenant not to compete. (*Id.* at 2.) Plaintiff also seeks to join Kathryn Conlin as a plaintiff, and Darrell Haun and Don Haun as defendants. (*Id.*) Having considered the parties' pleadings, arguments, and the applicable law, the Court finds that Plaintiff's motion must be **GRANTED** with respect to leave to join Mr. Darrell Haun and Mr. Don Haun as defendants and Ms. Conlin as a plaintiff, and to add a breach of fiduciary duty claim, and **DENIED** in all other respects.

I.  **BACKGROUND**

In 1994, Plaintiff incorporated his sole proprietorship, Solarcraft, as Solarcraft, Inc. (Doc. No. 8-1 at 4). Plaintiff and his wife, Kathryn Conlin, were the directors and only shareholders of the corporation. (*Id.*) In September 2005, Plaintiff and his wife sold fifty-one percent of their

---

[1] All docket references are to Civil Action No. 4:14-CV-1852.

share in the corporation to Mr. Darrell Haun. (*Id.*) At this time, Plaintiff and his wife executed an employment agreement with Defendant. (*Id.* at 4-5.)

On July 2, 2014, Plaintiff filed his Complaint against Solarcraft, Inc., alleging fraud on the United States Patent Office, declaration of inventorship, patent misuse, and abuse of process. (Doc. No. 1.) Plaintiff alleges that Mr. Darrell Haun fraudulently sought patents for Solarcraft, Inc.'s products by wrongfully excluding Plaintiff's name from patent applications. (Doc. No. 8-1 at 7.) The patents at issue in Plaintiff's Complaint are United States Patent Nos. 7,832,253, 7,750,502, 7,795,837, and 7,880,333 ("the patents").

On August 5, 2014, Defendant filed its Answer. (Doc. No. 7.) Plaintiff now seeks leave to amend his Complaint to add state law claims, join Ms. Conlin as a plaintiff, and join Mr. Darrell Haun and Mr. Don Haun as defendants. (Doc. No. 8.) Defendant challenges Plaintiff's Motion for Leave to Amend, contending that the state law claims do not arise out of a common nucleus of operative facts, and that inclusion of the state law claims would be inefficient and unduly prejudicial. (Doc. No. 10.) Defendant argues that Plaintiff is simultaneously litigating his state law claims in state court, and therefore it would not serve the interests of judicial economy for this Court to exercise jurisdiction over these claims. (*Id.*) Finally, Defendant contends that Plaintiff has failed to allege sufficient facts to support joinder of Ms. Conlin, Mr. Darrell Haun, and Mr. Don Haun. (*Id.* at 6.)

## II.     LEGAL STANDARDS

There are two ways this Court may exercise subject matter jurisdiction over Plaintiff's state law claims. First, a federal district court has original jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). State courts are expressly divested of jurisdiction over these claims. *Id.* The term "arising under" is interpreted in

the patent jurisdiction context as it is interpreted in the section 1331 federal question jurisdiction context. *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (Adhering to the demands of [l]inguistic consistency, we have interpreted the phrase "arising under" in both sections identically, applying our § 1331 and § 1338(a) precedents interchangeably."). Thus, a claim will arise under federal patent law "only if it necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Gunn*, 133 S. Ct. at 1060 (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005)) (internal quotation marks omitted).

Second, a federal district court has subject matter jurisdiction over certain state law claims through supplemental jurisdiction. 28 U.S.C. § 1367(a). District courts

> "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

*Id.* To determine whether two or more claims form part of the same case or controversy, a court must examine whether the claims "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). A district court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

Further, the Federal Rules of Civil Procedure ("Rules") require a person to be joined as a party if (1) in that person's absence, the court cannot accord complete relief or (2) that person

3

claims an interest in the matter and disposing of the action in that person's absence may impair his or her ability to protect the interest, or will leave an existing party open to a substantial risk of multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). The Rules permit parties to join as plaintiffs or defendants where (1) they assert a right to relief arising out of the same transaction or occurrence, and (2) a common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a).

Finally, the Rules provide that a court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts must have a "substantial reason" to deny leave to amend, but leave to amend is not automatic. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted). In deciding whether to grant leave to amend, courts may consider many factors, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

### III. ANALYSIS

#### A. Original Jurisdiction Over Claims Arising Under Federal Patent Law

Congress vested original and exclusive jurisdiction over claims arising under federal patent law in the federal courts. 28 U.S.C. § 1338(a). The Supreme Court has instructed federal courts to apply the *Grable* test to determine whether a state law claim arises under federal patent law for the purposes of determining jurisdiction. *Gunn*, 133 S. Ct. at 1060. Thus, for this Court to have jurisdiction over Plaintiff's state law claims under Section 1338, it must find that the claims

necessarily raise a disputed and substantial federal issue, and that exercising jurisdiction will not upset the balance between the federal and state judiciaries. *Grable*, 545 U.S. at 308.

Plaintiff seeks to amend his Complaint to include four state law claims: (1) breach of fiduciary duty; (2) breach of employment agreement; (3) indemnity; and (4) declaratory judgment regarding a covenant not to compete in his employment agreement. The Court must examine whether any of these claims satisfies the *Grable* test for federal subject matter jurisdiction.

1. Breach of Fiduciary Duty

Plaintiff contends that Mr. Darrell Haun breached the fiduciary duties he owed to Solarcraft, Inc.'s shareholders, including Plaintiff and his wife. (Doc No. 8-1 at 27.) Plaintiff lists a number of activities that he believes constitute breach, including "making covert and undisclosed patent applications naming [Darrell Haun] and his father Don Haun as inventor [sic] on products for which Kevin Conlin was excluded from credit for his rightful status as inventor." (*Id.*) Although most of the activities that Plaintiff believes constitute a breach of fiduciary duty are unrelated to his patent claims, his allegation concerning Mr. Darrell Haun's fraudulent patent applications is not. Since the state law claim is related to a question of patent law, this Court must apply the *Grable* factors to determine whether this claim arises under federal patent law.

The Court is unpersuaded that the state law claim for breach of fiduciary duty "*necessarily* raises a stated federal issue." See *Gunn*, 133 S. Ct. at 1060 (emphasis added). Mr. Darrell Haun's fraudulent patent application is just one item in a list of activities that Plaintiff alleges constitute a breach of fiduciary duty. Thus, a state court assessing Plaintiff's claim will not need to assess the fraudulent patent application if it finds that any of the other alleged activities constitutes a breach. Since Plaintiff's claim for breach of fiduciary duty does not turn

5

on the federal patent law issue, that issue is not necessarily raised. *Cf. In re Vioxx Products Liability Litigation*, 843 F.Supp.2d 654, 669-70 (E.D. LA 2012) ("The Court concludes that the claims in the complaint do not depend on necessary resolution of a substantial federal question. Although Merck's alleged conduct may be assessed against the backdrop of federal regulation, the gravamen of the complaint is whether Merck's conduct independently violated Kentucky law.")

2. Breach of Employment Agreement

Plaintiff also alleges that Defendant "violated the terms of his Employment Agreement by terminating him without written notice." (Doc. No. 8-1 at 27, 28.) Plaintiff contends that his contract clearly mandated that Defendant provide written notice of termination, and Defendant's failure to strictly comply with this provision was a breach of the contract. (*Id.*)

This state law claim clearly fails the first factor of the *Grable* test. Resolution of a federal patent question is not necessary to Plaintiff's claim that he was terminated in breach of the procedures set out in his employment contract. This commonplace breach of contract claim does not implicate questions of federal patent law, and a state court is well-equipped to address it.

3. Indemnity

Plaintiff contends that he has been sued "by virtue of [his] position as officer[] and director[] of Solarcraft, Inc." for negligence and misconduct in the performance of his duties. (Doc. No. 8-1 at 28.) Plaintiff believes that he is entitled to full indemnity from Defendant under Texas Business Organizations Code Sections 8.051 and 8.052 for expenses incurred in responding to these claims. (*Id.*) These sections provide for mandatory and court-ordered indemnification of reasonable expenses that a "governing person, former governing person, or delegate" incurred in connection with "a proceeding in which the person is a respondent because

the person is or was a governing person or delegate." Tex. Bus. Orgs. § 8.051. A governing person is defined as "a person serving as part of the governing authority of an entity," or a person who is "entitled to manage and direct the affairs of an entity under this code and the governing documents of the entity." Tex. Bus. Orgs. § 1.002 (35)(A), (37).

Plaintiff's claim for indemnity does not satisfy the first *Grable* factor. Plaintiff's claim for indemnity arises solely from his position as the former owner of the sole proprietorship, Solarcraft, and the former director of the corporation Solarcraft, Inc. A court need not resolve a question of federal patent law in order to determine whether Plaintiff is owed indemnification from Defendant under state law upon resolution of the negligence and misconduct suit. Since this determination can be made independent of his federal patent law claims, the state law claim does not necessarily raise a federal issue.

Further, this Court is unpersuaded that the question of indemnity is substantial under *Grable*. The substantiality inquiry considers "the importance of the issue to the federal system as a whole." *Gunn*, 133 S. Ct. at 1066. The federal system is not concerned with Texas state court decisions to award indemnification under Texas Business and Organizations Code Section 8.051. Similarly, it cannot be said that the federal system has a "strong interest" in an organization's responsibility for indemnifying its governing persons under Texas Business and Organizations Code Section 8.052. *See Grable*, 545 U.S. at 309 (noting that the Government's strong interest in collecting delinquent taxes underscored the substantiality of the federal issue). Thus, this Court lacks jurisdiction over Plaintiff's claims for indemnification as they are not substantial, and do not necessarily raise issues of federal patent law.

4. <u>Covenant Not to Compete</u>

Finally, Plaintiff seeks declaratory judgment that the covenant not to compete in his employment contract is "not enforceable as written." (Doc. No. 8-1 at 29.) Plaintiff further argues that the covenant is "unreasonable in time, breadth, scope of activity and geographic area under Texas Business and Commerce Code § 15.51." (*Id.*) A court need not wade into questions of federal patent law in order to resolve Plaintiff's claims with respect to the covenant not to compete. Plaintiff's argument is that the covenant is unenforceable on its face and unreasonable under Texas state law. By Plaintiff's own contention, it is clear that the claim does not necessarily raise federal patent law issues.

Moreover, the Court does not have jurisdiction over this claim under 28 U.S.C. Section 1338(b), which allows for original jurisdiction over claims of unfair competition that are joined with patent law claims.[2] In order to fall within this jurisdictional grant, an unfair competition claim must derive from the same nucleus of operative facts as the patent claim. *See Insuremax Ins. Agencies, Inc. v. Shanze Enterprises, Inc.*, No. 3:13-CV-1231-M, 2013 WL 4014476, at *4 (N.D. Tex. Aug. 7, 2013) ("The Fifth Circuit has not articulated the precise standard for determining when claims are related for the purpose of § 1338(b), but its analysis seems to parallel the relatedness inquiry in the context of supplemental jurisdiction."). Plaintiff's unfair competition claim does not. Plaintiff's patent law claims stem from Defendant's misrepresentations to the United States Patent Office, and its failure to list him as an inventor on the patents in question. By contrast, his claim for declaratory judgment on the enforceability of the covenant not to compete derives from the language and scope of his employment contract.

---

[2] Section 1338(b) states "[t]he district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . . patent . . . laws." 28 U.S.C.

8

Since these claims originate from different facts, this Court lacks subject matter jurisdiction over this claim under 28 U.S.C. Section 1338(b).

### B. Supplemental Jurisdiction

Independent of its original jurisdiction over claims arising under federal patent law, this Court will have subject matter jurisdiction over Plaintiff's state law claims if those claims share a "common nucleus of operative fact" with Plaintiff's federal law claims. *See Gibbs*, 383 U.S. at 725. Courts are instructed to ask "if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Id.*

The factual basis for Plaintiff's federal law claims is his allegation that Mr. Darrell Haun "continued to seek patents for many of Solarcraft's products after [Plaintiff's] termination by simply excluding [Plaintiff's] name from the patent application" despite Plaintiff's significant contributions to those products. (Doc. No. 1 at 5, 6.) Plaintiff also alleges that Defendant wrongfully sought to enforce an injunction against Plaintiff because it believed that Plaintiff had improperly transferred patented technology to a competitor. (*Id.* at 6.)

By contrast, Plaintiff's state law claims for breach of contract, declaratory judgment, and indemnity concern his employment relationship with Defendant, and the duties owed to him as Defendant's shareholder respectively. (Doc. 8-1 at 28-30.) Since they do not derive from the allegedly fraudulent patent applications or the wrongful use of a temporary injunction, this Court cannot exercise supplemental jurisdiction over them.

Unlike his other state law claims, however, Plaintiff's claim for breach of fiduciary duty does share a common nucleus of operative facts with his federal patent law claim. One of the wrongful activities Plaintiff alleges is "making covert and undisclosed patent applications" that

excluded Plaintiff's name. (Doc. No. 8-1 at 28.) These fraudulent applications also form the basis for Plaintiff's patent law claim, and thus, the facts before a court hearing the breach of fiduciary duty claim would be similar to those before a court assessing the fraudulent applications. Plaintiff can be expected to try these claims in the same proceeding, as the factual support for these claims will be similar.

Further, the Court is persuaded that the common law factors of judicial economy and convenience support exercising supplemental jurisdiction over the breach of fiduciary duty claim. *See Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (noting that federal courts are guided by "the common law factors of judicial economy, convenience, fairness, and comity" in determining whether to exercise supplement jurisdiction over state law claims). This Court will hear Plaintiff's argument for invalidating the fraudulent patent applications, and it is in the interests of efficiency and convenience to simultaneously consider a state law claim based on shared factual allegations. Although Plaintiff has alleged other wrongful activities in support of his claim for breach of fiduciary duty, the inclusion of the fraudulent patent applications creates a factual nexus between the claims such that supplemental jurisdiction is appropriate.

Finally, Plaintiff's breach of fiduciary duty claim does not implicate any of the statutory factors that counsel against the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c). The claim does not raise novel issues of state law, nor does it substantially predominate over Plaintiff's patent law claims. Additionally, the Court has not identified any other compelling reasons for denying jurisdiction over this claim. Thus, this Court finds that it can exercise supplemental jurisdiction over Plaintiff's state law claim for breach of fiduciary duty.

**C. Joinder of Parties**

1. Joinder of Ms. Conlin as Plaintiff

Plaintiff seeks to join his wife, Ms. Conlin, as a "required party necessary for complete adjudication of the aforementioned state law claims." (Doc. No. 8 at 2.) The party advocating joinder "has the initial burden of demonstrating that a missing party is necessary." *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). If, however, "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id.* Plaintiff fails to show that Ms. Conlin is a necessary party to this adjudication. He fails to allege any facts to indicate that, in Ms. Conlin's absence, the Court will be unable to accord full relief, or that Ms. Conlin will be unable to protect her interests. Plaintiff has failed to meet his burden to demonstrate compulsory joinder.

Plaintiff has, however, demonstrated that Ms. Conlin may be joined as a plaintiff under Federal Rules of Civil Procedure 20(a). Like Plaintiff, Ms. Conlin is also a shareholder in Solarcraft, Inc., and is owed fiduciary duties as a result of this status. Ms. Conlin's right to relief arises out of the same activities that Plaintiff alleges constitute a breach of those fiduciary duties. Further, her claim for breach of fiduciary duty presents identical questions of law and fact as Plaintiff's existing claim. Thus, she may be joined as a plaintiff in this action.

2. Joinder of Mr. Darrell Haun and Mr. Don Haun as Defendants

Plaintiff also seeks to join Mr. Darrell Haun and Mr. Don Haun as defendants "because they are the direct Applicants [sic] for the patents" in dispute. (*Id.*) Plaintiff alleges that Mr. Darrell Haun filed fraudulent patent applications that listed him and his father, Mr. Don Haun, as inventors. (Doc. No. 1 at 6.) This allegation is at the heart of Plaintiff's patent law claim against

Solarcraft, Inc. Thus, Plaintiff's claim against Mr. Darrell Haun and Mr. Don Haun arises out of the same occurrence as his claim against Solarcraft, Inc., and the claims present common questions of patent law and fact. *See* Fed. R. Civ. P 20(a). Because the claims arise from the same factual circumstances, and raise common questions as to the validity of the patent applications, Mr. Darrell Haun and Mr. Don Haun may be joined as defendants.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to File a First Amended Complaint (Doc. No. 8) is **GRANTED** with respect to leave to join Mr. Darrell Haun and Mr. Don Haun as defendants and Ms. Conlin as a plaintiff, and to add a breach of fiduciary duty claim, and is **DENIED** in all other respects.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 26th day of September, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE